# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BOBBY L. MAGWOOD,**

      **Plaintiff,**

**vs.**                                        **Case No. 4:14cv313-MW/CAS**

**MICHAEL D. CREWS,**
**et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      This case was removed from state court to this Court on June 25, 2014.  Doc. 1.

For ease of reference, the complaint has been filed separately.  Doc. 7.  Defendants

Crews, Comerford, and Nichols filed a motion to dismiss, doc. 11, in July 2014, and

Plaintiff filed a response in opposition.  Doc. 19.

      Defendants Haas, Rummel, and Oqunsanwo filed a separate motion to dismiss,

doc. 29, on August 22, 2014.  Plaintiff filed a response to that motion, doc. 30, as well.

However, Plaintiff's response included his affidavit and many copies of grievances.

Those exhibits are extrinsic and may not be considered on a motion to dismiss.[1]  An

---

[1] Defendants' motion to dismiss, doc. 29, does not assert that Plaintiff failed to
exhaust administrative remedies.  Thus, copies of grievances are not relevant and
should not be considered on a motion to dismiss.

Order was entered to advise Plaintiff that in light of the fact that Plaintiff's exhibits cannot be considered, he could file an "amended response" in opposition to the second motion to dismiss no later than **October 21, 2014**, if he desired to do so.  Doc. 31.  No additional response has been received by Plaintiff.  Thus, his four-page response as originally filed will be considered, although the exhibits will not be reviewed.  Doc. 30.

**Allegations of the Complaint, Doc. 7**

Plaintiff was incarcerated at Santa Rosa Correctional Institution in May of 2011. Plaintiff alleged that Nurse Nichols terminated Plaintiff's blood pressure medication on May 11, 2011, "without medical reasons."  Doc. 7 at 4.  Thereafter, on December 1, 2011, Plaintiff alleged that Nurse Nichols terminated his asthma medication.  *Id.* Plaintiff was advised he would have to go to sick call, requiring a "co-payment," to once again receive his medication.  *Id.*

Plaintiff was examined by an unidentified nurse on September 25, 2012.  *Id.* at 4-5.  Plaintiff stated that his asthma and breathing was not checked.  He was told that he would be seen in another year, "and if he [felt] a need for medical treatment to go to sickcall."  *Id.* at 5.  Plaintiff alleges he file a grievance that was denied by Dr. Rummel and Assistant Warden Haas.  *Id.*  Plaintiff's appeal to the Secretary's office was denied on December 7, 2012.  *Id.*

Plaintiff contends that he was diagnosed with, and prescribed medication, for high blood pressure and asthma for over ten years.  *Id.* at 5.  He claims there has been no change in his diagnosis and, thus, "no medical justifications for the termination of Plaintiff's medical treatments."  *Id.*  Plaintiff claims his "serious medical needs have been left unattended for well over a year" and he is at risk of serious harm.  *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); see also Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 556).  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility."  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 at 557).

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), cert. denied, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

grounds upon which it rests.  <u>Swierkiewicz v. Sorema</u>, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)).  Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005) (quoted in <u>Twombly</u>, 127 S.Ct. at 1966).  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' "  *Id.* (quoting <u>Twombly</u>,  550 U.S., at 555, 127 S.Ct. 1955).

Courts should take a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6).  <u>Iqbal</u>, 556 U.S. at 679, 129 S.Ct. at 1950.  The first consideration is whether the complaint presents "well-pleaded factual allegations"which are entitled to a presumption of truth or, whether, the complaint merely asserts "legal conclusions" which "are not entitled to the assumption of truth."  *Id.* at 679, 129 S.Ct. at 1950.  If the complaint contains factual allegations that are well pled, the second step is

to consider whether the non-conclusory factual allegations "plausibly give rise to an entitlement to relief." *Id.* If so, a motion to dismiss should be denied. *Id.*, at 680, 129 S.Ct. at 1950-51 (citations omitted).

**First Motion to Dismiss, doc. 11**

Defendants Crews, Comerford, and Nichols seek dismissal of this case in its entirety, asserting that Plaintiff's complaint is insufficient to state a claim upon which relief may be granted.  Doc. 11.  To the degree Plaintiff's complaint asserts a claim for medical malpractice, Defendants argue that Plaintiff has not complied with Florida's pre-suit notice and investigation requirements as outlined in Chapter 766 of the Florida Statutes.  Doc. 11 at 3-4.  Defendants also contend that Plaintiff has not stated a claim under the Eighth Amendment because Plaintiff only disagrees with the decision to stop his medications.  *Id.* at 5.  Defendants further note that Plaintiff has not alleged that he suffered any injury, and a claim which challenges the requirement that Plaintiff go to sick call and pay a co-payment is also insufficient to state a claim.  *Id.* at 5-6.[3] Additionally, Defendants claim that Plaintiff "did not even mention Defendants Crews or Comerford in his Complaint" and they should be dismissed.  Doc. 11 at 7.  Finally,

---

[3] Defendants contend that Plaintiff fails to state a claim under the Fourteenth Amendment and assert that Plaintiff has not alleged how his Fourteenth Amendment rights were violated.  Doc. 11 at 6.  The first ten Amendments of the Constitution, known as the Bill of Rights, are made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994); *see also* New York Times Co. v. Sullivan, 376 U.S. 254, 276-77, 84 S.Ct. 710, 724 (1964) (stating "It is true that the First Amendment was originally addressed only to action by the Federal Government . . . [b]ut this distinction was eliminated with the adoption of the Fourteenth Amendment and the application to the States of the First Amendment's restrictions.").  Plaintiff's complaint is deemed to present only an Eighth Amendment claim, made applicable to the State of Florida through the Fourteenth Amendment.

Defendants raise sovereign immunity, qualified immunity, and the bar of § 1997e(e) as a defense to Plaintiff's complaint.  Doc. 11 at 7-11.

## A.    Eighth Amendment claims

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment.  Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  A " 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977)).  Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm."  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994).  Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference.  Id.  Deliberate indifference has been described as a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or

harm to a prisoner by depriving him of a basic human need.  Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Combining the standards from Farmer and Estelle, the Eleventh Circuit has clarified that, ultimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001); Farrow, 320 F.3d at 1243. Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."  Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

Medical malpractice does not constitute deliberate indifference.  Estelle, 429 U.S. at 106, 97 S. Ct. at 292.  "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)). For example, in Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.

"The federal courts are nevertheless not in the business of second guessing the judgments of medical professionals." Becker v. Fannin Cnty., Ga., No. 2:09-cv-47-RWS, 2014 WL 4925684, at *3 (N.D. Ga. Sept. 30, 2014) (citing Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (stating "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis for grounding liability on a claim of medical mistreatment under the Eighth Amendment."). In Adams, a prisoner suffered from a lifelong, serious asthma condition. Adams, 61 F.3d at 1539.  In considering the claim against Physician Assistant Martin, the Eleventh Circuit noted that "Martin's liability turns on whether his failure to administer stronger medication to Adams pending the arrival of the ambulance constituted deliberate indifference." 61 F.3d at 1547.  The court held that "such a determination is a medical judgment and, therefore, an inappropriate basis for imposing liability under section 1983." Id.

Here, Plaintiff alleged that Defendant Nichols terminated asthma treatments and medication for high blood pressure.  Doc. 7 at 4.  Such conditions may be serious, but Plaintiff has not alleged that since the termination of the medication and asthma treatment, he has suffered with any symptoms, medical problems, breathing difficulties, been in pain, or injured in any way as a result of Defendant Nichols' decision.[4]  Plaintiff's

---

[4] Judicial notice is taken that in Plaintiff's objections to the removal of this case to federal court, Plaintiff argued his complaint is only for medical malpractice and he makes "no claim of actual injury."  Doc. 8 at 1.

complaint, as presented, is a classic example of a prisoner's disagreement with the decisions of medical staff.  Such a complaint is insufficient to state a claim under the Eighth Amendment.  <u>Harris</u>, 941 F.2d at 1505.  Had Plaintiff experienced any problem in the years since the medication was stopped, Plaintiff could have reported to sick call and requested treatment.

In response to the motion, Plaintiff contends that between May 6, 2011, and September 20, 2013, he "did not see Defendant Nichols or a doctor, even once, which placed Plaintiff's health and life in grave danger."  Doc. 19 at 1.  Plaintiff asserts in response to the motion to dismiss that he suffered headaches and dizziness from the denial of his medication, and shortness of breath from the denial of asthma treatment.[5]  *Id.*  However, Plaintiff does not allege that he reported to sick call, requested medical attention, or in any way sought medical care during that period of time.  He has not alleged that he was prevented or precluded from receiving medical treatment by other medical staff.

Plaintiff also states, in response to the motion to dismiss, that the "gist" of this case is that Defendants violated his right "to have medical care for over two (2) years," doc. 19 at 3, but that assertion was not included in Plaintiff's complaint.  Moreover, Plaintiff's claim that his "medical care was terminated by Defendants after grievances were filed on the medical department" was not presented in the complaint either.  *Cf.* doc. 7; doc. 19.

---

[5] Plaintiff did not allege any issue with arthritis problems in the complaint and such a claim is not part of this case.  Plaintiff may not, belatedly, assert "that his entire medical history is at issue in this case."  Doc. 19 at 2.  Such an assertion is vague, conclusory, and does not put Defendants on notice of the basis for Plaintiff's claims.

Generally, a plaintiff may not supplant the allegations of a complaint "with new arguments set forth in their response to a motion to dismiss." Bruhl v. Price Waterhousecoopers Int'l, No. 03-23044-CIV-MARRA, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (cited in Irwin v. Miami-Dade Cnty. Pub. Sch., No. 06-23029-CIV, 2009 WL 465033, at *6 (S.D. Fla. Feb. 24, 2009) aff'd, 398 F. App'x 503 (11th Cir. 2010); see also Walker v. City of Orlando, No. 07-651, 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss).  However, the Court must liberally construe Plaintiff's response as he is proceeding pro se.  When pro se plaintiffs raise additional allegations in their filings, if "the collective substance of them [is] an attempt to amend the complaint," Plaintiff's response should be construed as a motion to amend the complaint and be granted.  Newsome v. Chatham Cnty. Det. Ctr., 256 F. App'x 342, 344 (11th Cir. 2007).

As presented, Plaintiff's complaint is insufficient to state a claim for the denial of medical care in violation of the Eighth Amendment.  The motion to dismiss, doc. 11, should be granted on this basis, but Plaintiff should be permitted to submit an amended complaint if he believes there is a basis to do so, and he has exhausted the administrative grievance process concerning that claim.[6]  Plaintiff's claim must be limited to his Eighth Amendment claim against Defendant Nichols.

---

[6] A claim that a named Defendant refused to provide Plaintiff medical care or withdrew a needed prescription because Plaintiff had filed grievances against that Defendant is a different claim than medical staff terminating a prescription that a prisoner had been receiving.

**B.      Medical malpractice claims**

Defendants argue that Plaintiff has not met any of the pre-suit requirements of

Chapter 766, Florida Statutes.  Doc. 11.  Plaintiff has not responded to that argument.

Doc. 19.

Review of Plaintiff's complaint reveals there are no allegations that Plaintiff

investigated the facts to believe a defendant committed medical negligence and

provided a "verified written medical expert opinion from a medical expert" which

corroborated Plaintiff's facts as required by FLA. STAT. § 766.203(2).  Nor has it been

shown that after completing the required investigation, Plaintiff "notified each

prospective defendant by certified mail, return receipt requested, of intent to initiate

litigation for medical negligence . . . ."  FLA. STAT. § 766.106(2).  Because more than two

years has passed since the accrual of that cause of action based on the events from

2011 and 2012, Plaintiff may not now cure the failure to comply with those pre-suit

requirements.  The state law claims for medical malpractice should be dismissed.

**C.      Claims against Defendants Crews and Comerford**

Plaintiff did not allege any facts showing what Defendants Crews or Comerford

did, or did not do, that Plaintiff contends violates his rights.  The complaint is insufficient

and should be dismissed against those Defendants.

To the degree Plaintiff contends those Defendants should be sued because they

"may be held vicariously liable for Defendant Nichols' actions," *see* doc. 19 at 4, Plaintiff

is wrong.  It is well established that a prison official cannot be named as a Defendant in

a civil rights case merely because he or she has supervisory authority over others.

Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010). The doctrine of respondeat

Page 12 of 16

superior or vicarious liability does not provide a basis for recovery under § l983.  Harvey

v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs,

436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); *see also* Collins v. City of

Harker Heights, 503 U.S. 115, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992).  Naming as

Defendants those individuals who are merely responsible for the safety of inmates, in

general, or even the safety of the inmates at a particular institution, without more, does

not state a viable claim for relief.  Nor is it sufficient to name a supervisory official on the

basis that the official denied a grievance because one cannot be held liable for the

actions or omissions of others.[7]  The claims raised against Defendants Crews and

Comerford should be dismissed.

## D.    Compensatory and punitive damages

To the degree Plaintiff may desire to pursue this case and file an amended

complaint against Defendant Nichols, Plaintiff should be aware that because he has not

alleged any physical injury, even if successful on his claim, Plaintiff's request for

compensatory and punitive damages must necessarily be limited to nominal damages

as required by 42 U.S.C. § 1997e(e).  Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[8],

---

[7] "Isolated incidents are generally insufficient to establish a supervisor's liability, and filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Owens v. Leavins, 5:05cv228, 2006 WL 2640275, at *4 (N.D. Fla. Sept. 13, 2006); Holmes v. Correction Corp. of America, 2011 WL 3490086, at *1 (S.D. Ga. Aug. 9, 2011); Tariq v. Chatman, 2012 WL 3626827, at *1 (M.D. Ga. Aug. 22, 2012).

[8] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001).  The parts of the panel opinion relevant to this legal issue were reinstated.

*reinstating in part* 190 F.3d 1279 (11th Cir. 1999); Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table); Al-Amin v. Smith, 637 F.3d 1192, 1199 (11th Cir. 2011). In light of § 1997e(e)'s limitation, the motion to dismiss the request for compensatory damages of $50,000.00 from each Defendant and the request for $75,000.00 in punitive damages from each Defendant should be granted.

In sum, the first motion to dismiss, doc. 11, should be granted because the complaint is insufficient to state an Eighth Amendment claim for the denial of medical care against Defendants Crews, Comerford, or Nichols; the medical malpractice claims should be dismissed because Plaintiff did not comply with Florida's pre-suit notice requirements; and his claim for damages must be limited to nominal damages. Plaintiff, however, should be permitted to submit an amended complaint limited to his claims against Defendant Nichols[9] based on the new allegations presented in response to his motion to dismiss.

**Second motion to dismiss, doc. 29**

The second motion to dismiss was filed by Defendants Haas, Oqunsanwo, and Rummel, doc. 29, and asserts that the complaint fails to identify an omission or act committed by these Defendants which violates Plaintiff's rights. In addition, Defendants argue that claims based on respondeat superior are not viable under § 1983. *Id.*

In response, Plaintiff contends that Defendants Rummel and Haas responded to his grievances. Doc. 30. Plaintiff claims those Defendants "had the authority and

---

[9] Plaintiff did not present any factual allegations which stated what either Defendants Crews or Comerford did or failed to do and Plaintiff's response makes clear that he was attempting to sue those Defendants on the basis of respondeat superior. Because that is not an appropriate basis for liability, Plaintiff should not be permitted to submit an amended complaint against those two Defendants.

responsibility to stop Nurse Nichols violative behavior, but did nothing to stop her . . . ."
*Id.*

Defendant Oqunsanwo is the assistant Secretary of Health Services, located at the Florida Department of Corrections.  Defendant Rummel is the Chief Health Officer at Santa Rosa Correctional Institution, and Defendant Haas is the Assistant Warden.  Doc. 7 at 3.  Plaintiff has attempted to sue these persons on the basis of respondeat superior.  As discussed above, that is not a viable basis for a claim in a civil rights case.  Moreover, common sense leads to the conclusion that an assistant warden does not have the authority to direct a nurse to issue Plaintiff medications or provide asthma treatment as there are no allegations which indicate Defendant Haas has medical training.  Moreover, to the degree Plaintiff would attempt to hold those Defendants liable for unconstitutional acts committed by Defendant Nichols, it has been found that the original complaint does not contain sufficient allegations demonstrating that Defendant Nichols violated Plaintiff's rights.

Finally, to the degree Plaintiff's complaint should be construed as raising a challenge to the requirement that Plaintiff report to sick call if he had any problems, a requirement that Plaintiff contends would result in the imposition of a medical co-payment, such a claim is insufficient to state a claim.  Boyd v. Bush, No. 2:07-CV-524-MEF, 2007 WL 2274376, at *1 (M.D. Ala. July 31, 2007) (holding that imposition of a co-payment does not violate a prisoner's constitutional rights) (citing Shapley v. Nevada Bd. of State Prison Comm'r, 766 F.2d 404, 408 (9th Cir. 1985) (imposition of fee for medical treatment provided to an inmate does not amount to a constitutional violation); Bester v. Dr. Wilson, No. Civ-99-0891-RV, 2000 WL 1367984 at *8 (S.D. Ala. Aug. 18,

2000) (dismissing case pursuant to 28 U.S.C. § 1915(e)(2)(B) and noting that charging

a fee to prisoners for medical treatment has been upheld when challenged on due

process and Eighth Amendment grounds) (citing Reynolds v. Wagner, 128 F.3d 166,

172-82 (3d Cir. 1997) (upheld charging $3.00 and $5.00 fees)).  Here, Plaintiff has not

alleged that he was denied treatment because he was unable to pay a co-payment.

The complaint does not allege a violation of Plaintiff's constitutional rights by these

Defendants and the second motion to dismiss, doc. 29, should be granted.

**RECOMMENDATION**

        In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to

dismiss, doc. 29, be **GRANTED** and Plaintiff's complaint, doc. 7, be **DISMISSED** as to

Defendants Haas, Oqunsanwo, and Rummel for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  It is further **RECOMMENDED**

that the motion to dismiss, doc. 11, be **GRANTED** and Plaintiff's complaint, doc. 7, be

**DISMISSED** as to Defendants Crews, Comerford, and Nichols, for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), but that

Plaintiff be permitted to submit an amended complaint limited only to his Eighth

Amendment claim against Defendant Nichols, and limited to a monetary request for no

more than nominal damages pursuant to 42 U.S.C. § 1997e(e), and the case be

**REMANDED** for further proceedings.

        **IN CHAMBERS** at Tallahassee, Florida, on January 13, 2015.


         S/    Charles A. Stampelos
        **CHARLES A. STAMPELOS**
        **UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**