IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BOBBY L. MAGWOOD,

    Plaintiff,

vs.                              Case No. 4:14cv313-MW/CAS

MARSHA NICHOLS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On October 11, 2016, Defendant's motion to compel, ECF No. 65, was granted. ECF No. 69. Plaintiff was required to sign a release of his health records for Defendant's review because Plaintiff's complaint raised Eighth Amendment claims concerning medical treatment and, thus, Plaintiff "put his medical condition at issue in this case . . . ." *Id.* at 6. Plaintiff then filed objections to that Order, ECF No. 72, but his objections were overruled. ECF No. 74.

After Defendant advised that Plaintiff had once again refused to sign the medical release, ECF No. 70, an Order to Show Cause was entered, ECF No. 75, on October 31, 2016. Plaintiff was required to show good

cause no later than November 18, 2016, why he should not be sanctioned pursuant to Rule 37 for his failure to comply with the Order, ECF No. 69, that granted Defendants' motion to compel. ECF No. 75. The Order to Show Cause also clarified that in addition to showing why sanctions should not be imposed, Plaintiff must "comply with the prior Order, ECF No. 69." ECF No. 75 at 3.

Instead of complying, Plaintiff filed a motion for clarification and reconsideration. ECF No. 76. Although the prior Order, ECF No. 74, was straightforward and direct, Plaintiff's motion for clarification was granted. ECF No. 77. That Order, entered on November 8, 2016, directed Plaintiff to (1) show good cause for not complying with the prior Order, ECF No. 69, (2) demonstrate why costs should not be awarded to the Defendant, and (3) submit documentary proof that he had signed the consent form as required. ECF No. 77. Plaintiff's deadline to comply was November 18, 2016. *Id.*

On November 17, 2016, Defendant filed a motion to dismiss the complaint and for costs, ECF No. 78, and a motion to stay discovery, ECF No. 79. Defendant demonstrated that Plaintiff had *again* refused to sign the medical release on November 10, 2016, notwithstanding several court

orders which had required him to do so.[1]  Moreover, Plaintiff then filed an Objection, ECF No. 80, to the Order to Show Cause, ECF No. 75.

Ruling on Defendants' motions (ECF Nos. 78-79) were deferred and Plaintiff given until December 23, 2016, to respond.  ECF No. 82.  On November 28, 2016, United States District Judge Mark Walker affirmed the Order to Show Cause and overruled Plaintiff's objection.

Thus, on December 8, 2016, yet another Order was entered seeking to require Plaintiff's compliance.  ECF No. 85.  The Order noted that discovery could not continue if Plaintiff did not sign the release so Defendant could review his medical records.  *Id.*  Plaintiff was required to respond to Defendants' two pending motions, ECF Nos. 78-79, by December 23, 2016.  ECF No. 82.  Plaintiff was specifically ordered to "demonstrate why this case should not be dismissed and costs be imposed for his failure to comply with Court orders."  *Id.*  Moreover, Plaintiff was warned that if he wanted to continue this case, he "must sign the consent

---

[1] Defendant also filed a motion to either extend the discovery deadline or stay discovery until Plaintiff complies with the prior Orders.  ECF No. 79.  A few days later Defendant filed an "emergency motion" requesting a ruling on the motion to extend discovery or stay the deadline.  ECF No. 81.  That motion was granted in part and discovery was stayed pending a ruling.  ECF No. 80.

form and submit documentary proof that he has done so . . . ." ECF No. 85.

Plaintiff filed a response which argues that discovery has not been fair and he asserts that he cannot receive justice. ECF No. 86. Plaintiff reasserts that he stands on his objections, ignoring the fact that his objections were overruled. Finally, Plaintiff contends this case should be stayed pending a ruling by the United States Supreme Court as Plaintiff claims this case is on appeal in that Court. ECF No. 86 at 2.

Plaintiff had filed an interlocutory appeal to the Eleventh Circuit Court of Appeals. That Court affirmed in part and reversed in part. ECF No. 49. The case was remanded to the undersigned and has continued in this Court since June 2016. ECF Nos. 49-50. This Court has not lost jurisdiction despite Plaintiff's apparent request for certiorari in the Supreme Court.[2]

Plaintiff has still not demonstrated compliance with the Order granting Defendant's motion to compel. ECF No. 69. Six separate Orders have been issued attempting to gain Plaintiff's compliance. ECF Nos. 69, 75,

---

[2] A petition for writ of certiorari and motion for leave to proceed in forma pauperis was filed in the Supreme Court in December 2016. Case No. 16-7290.

Case No. 4:14cv313-MW/CAS

77, 82, 84, and 85.  None have been successful as Plaintiff steadfastly refuses to comply.  It is concluded that Plaintiff has willfully failed to comply with six clear Orders directing him to sign the medical release.  Plaintiff has not shown a valid reason for failing to comply and, thus, his refusal is in bad faith.

Under Rule 37(a), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  FED. R. CIV. P. 37(a)(3)(A).  Defendant's motion to compel was granted, but Plaintiff failed to comply.  Rule 37 permits the imposition of sanctions on a party who fails to comply with "an order to provide or permit discovery . . . ."  FED. R. CIV. P. 37(b)(2)(A).  One possible sanction is to dismiss the action in whole or in part.  FED. R. CIV. P. 37(b)(2)(A)(v).  The imposition of monetary sanctions would have no impact on Plaintiff as he lacks funds in his inmate trust fund account to pay a sanction and has over $10,000.00 in liens placed against his inmate account for federal and state prison litigation.  *See* ECF No. 44 at 10.

Plaintiff may not assert an Eighth Amendment claim for the denial of medical care and then refuse to permit the Defendant to review his medical records to defend against the claim.  Plaintiff should not be permitted to

litigate a case in this Court while wilfully ignoring court orders.  Because Plaintiff was given ample warnings that if he failed to comply, Defendant's motions would be granted "by default" pursuant to N.D. Fla. Loc. R. 7.1(H), this case should now be dismissed.  Plaintiff has not shown good cause for failing to sign the release of his health care records, nor has he shown a valid reason for failing to comply with numerous court orders.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss this case, ECF No. 78, be **GRANTED** due to Plaintiff's refusal to comply with court orders and permit discovery.  It is further recommended that the motion for payment of costs, ECF Nos. 78 and 79, be **DENIED**, as Plaintiff lacks funds with which to do so and the imposition of additional liens would be of no benefit.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2017.


   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.